No. 95-2413

DOUGLAS K. MCSHERRY,           *
                               *   On Appeal from the United
        Plaintiff-Appellant,   *   States District Court for
                               *   the Western District of
    versus                     *   Missouri.
                               *
TRANS WORLD AIRLINES, INC.,    *
                               *   [NOT TO BE PUBLISHED]
        Defendant-Appellee.    *


                    Submitted:  January 11, 1996

                    Filed:  March 7, 1996


Before LOKEN, REAVLEY* and HANSEN, Circuit Judges.


PER CURIAM.


        The question in this appeal is whether an employee's claim of
discriminatory termination under the Americans with Disabilities Act
(ADA)[1] was discharged in bankruptcy, given that  the employer's Chapter
11 plan was confirmed after the employee was terminated but before he
received his right to sue letter from the administrative agency
investigating his allegations.  The district court[2] concluded that, for
the purposes of the

_____

        *The HONORABLE THOMAS M. REAVLEY, United States Circuit
        Judge for the United States Court of Appeals, Fifth
        Circuit, sitting by designation.

        [1]42 U.S.C. § 12101 et. seq.

        [2]The Honorable Fernando J. Gaitan, Jr., United States
District Judge for the Western District of Missouri.

bankruptcy code, the employee's claim arose before confirmation. Because all claims arising before confirmation are discharged, the court dismissed the employee's suit alleging discriminatory termination. The employee now appeals, reasserting that he had no claim until he received his right to sue letter. We affirm.

I.

On January 31, 1992, appellee Trans World Airlines (TWA) filed a Voluntary Petition for Reorganization in Bankruptcy. Some nine months later, on September 18, 1992, TWA terminated appellant McSherry's employment as a pilot. Shortly before his termination, McSherry filed a charge of discrimination with the Office of Federal Contract Compliance, complaining that his impending termination constituted disability discrimination under the ADA.[3] On August 12, 1993, TWA's Chapter 11 bankruptcy plan was confirmed. The plan required all claims arising before confirmation to be filed with the bankruptcy court by December 3, 1993. McSherry did not file a proof of claim with the bankruptcy court by that date. The Department of Labor completed its investigations in the fall of 1993 and undertook conciliation between TWA and McSherry. Shortly after December 6, 1993, TWA offered to settle all of McSherry's claims, including his claim of discriminatory termination. McSherry refused the offer. On April 12, 1994, McSherry received his right to sue letter from the Department of Labor, and he filed suit in Federal District Court on July 1, 1994. The district court granted TWA's motion

---

[3]The ADA incorporates by reference the powers, remedies, and procedures set forth in Title VII, 42 U.S.C. § 2000e et. seq. See 42 U.S.C. § 12117(a). Title VII requires employees alleging discrimination to file a charge with the appropriate administrative agency, and bars suits until the employee has received a right to sue letter. 42 U.S.C. § 2000e-5(e)(1), (f)(1).

to dismiss, reasoning that McSherry's claim was discharged in bankruptcy because it arose before confirmation of the plan.

## II.

In considering a motion to dismiss, we accept as true all factual allegations in the complaint. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 113 S.Ct. 1160, 1161 (1993) (citations omitted). The motion will be granted only if no set of facts would entitle the plaintiff to relief. Conley v. Gibson, 78 S.Ct. 99, 102 (1957).

With exceptions not relevant here, confirmation of a debtor's bankruptcy plan discharges debts arising prior to the date of confirmation. 11 U.S.C. § 1141(d). The Bankruptcy Code (Code) defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). "Claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A).

Because the plan was confirmed on August 12, 1993, plaintiff's claim was discharged on that date unless it arose after confirmation. The central issue in this dispute, therefore, is whether McSherry's cause of action fell within the definition of claim in § 101(5)(A) on August 12, 1993.

It is clear that the definition of "claim," as stated in the Code, is broad enough to encompass an obligation on which a civil action would be premature because jurisdictional prerequisites have not been met. Both the allegedly unlawful actions and the harm occurred on the date of termination, and McSherry's right to redress that wrong existed on that date. While lack of a right to sue letter may have left his claim unmatured or contingent on

that date, § 105(A) specifically includes such claims within its definition.

McSherry relies primarily on a Third Circuit case, <u>Avellino & Bienes v. M Frenville Co. (In re M. Frenville Co.)</u>, 744 F.2d 332 (3d Cir. 1984), <u>cert. denied</u>, 469 U.S. 1160 (1985), in support of his argument that he had no claim at the time of confirmation because he had not yet been issued a right to sue letter and therefore could not bring suit. <u>Frenville</u> holds that a claim does not arise in bankruptcy until a cause of action has accrued under non-bankruptcy law. <u>Id</u>. at 337. That holding does not help McSherry because under Title VII his claim accrued at the time of termination, not at the time he received his right to sue letter. Title VII requires an employee to file a "charge" with the appropriate administrative agency within one hundred eighty days after the alleged unlawful employment practice occurs or be barred from filing a claim in district court based on the same occurrence. 42 U.S.C. § 2000e-5(e). This court has held that the "occurrence" in unlawful termination suits is the termination itself, so an employee has one hundred eighty days from the date of termination to file a charge. <u>See Harris v. Norfolk & W. Ry. Co.</u>, 616 F.2d 377, 379 (8th Cir. 1980); <u>Rudolph v. Wagner Elec. Corp.</u>, 586 F.2d 90, 91 (8th Cir. 1978), <u>cert. denied</u>, 441 U.S. 924 (1979). Under the applicable non-bankruptcy law McSherry's claim accrued on the date of termination, which occurred before confirmation.

<u>Frenville</u> does not concern claims that are unmatured due to failure to meet jurisdictional prerequisites and does not hold that a claim exists only if one can bring suit based on that claim. Another Third Circuit case has made clear that a claim can arise in bankruptcy even though jurisdictional prerequisites to filing a claim in court have not been met. In <u>Kilbarr Corp. v. General Servs. Admin. (In re Remington Rand Corp.)</u>, 836 F.2d

825 (3rd Cir. 1980), the government had signed a series of contracts with the debtor before bankruptcy. After the debtor commenced bankruptcy, the government began an audit pursuant to the Contract Dispute Act of 1978, 41 U.S.C. § 605(a), to ensure the government had not been overcharged. Id. at 827. After the debtor's plan had been confirmed, the government's audit revealed the government had been overcharged, and the government sought to collect for breach of contract. The debtor asserted that the government's claim arose before confirmation and was therefore discharged. The government argued that under the Contract Dispute Act, it could not bring suit in district court until a federal contract officer had certified the validity of the claim; and that because the required certification occurred post-confirmation, the government's claim arose after confirmation and was not discharged. After a careful reading of the Contract Dispute Act, the Third Circuit rejected the government's position, holding that the government's claim arose during the audit process, and before confirmation, because that is when the breach and the harm occurred, and because the government knew before confirmation that it had been overcharged. The court noted that "the certification process of § 605(a) of the [Contract Dispute] Act does not create a claim; it merely creates a jurisdictional prerequisite to judicial resolution of existing claims." Id. at 826.

Similarly, under Title VII the right to sue letter is merely a jurisdictional prerequisite, and does not create a claim. Instead, as discussed above, the claim was created under Title VII when McSherry was terminated.

III.

For the foregoing reasons, the order of the district court dismissing the plaintiff's complaint is affirmed.

AFFIRMED.

A True copy.

Attest:

CLERK,, U.S. COURT OF APPEALS, EIGHTH CIRCUIT