Anthony **BATES**

v.

**COOPER INDUSTRIES, INC.**

No. 2–96–0022.

United States District Court,
M.D. Tennessee,
Nashville Division.

March 6, 1997.

Lena Ann Buck, Buck & Buck, Smithville, TN, for plaintiff.

R. Eddie Wayland, Andrew S. Naylor, King & Ballow, Nashville, TN, for defendant.

## MEMORANDUM OPINION

WISEMAN, Senior District Judge.

Anthony Bates was employed at Cooper Industries, Inc. (Cooper) automotive parts distribution center in Smithville, Tennessee, as processor-packer operator in September 1988. In facilitating customer orders to ship automotive parts from the warehouse facility, Bates was routinely required to lift objects over 20 pounds and to climb, reach, stoop, kneel, crouch, stand, walk, push, pull, grasp, stop, bend, and twist repetitively.

In September 1992, Bates injured his neck, shoulder, and back during the course and scope of his employment and was subsequently placed on temporary modified light duty in accordance with physical work restrictions imposed by the treating physician. In May 1994, after approximately 20 months on temporary light duty, Bates attempted to lift a 54 pound cabinet, again injured himself, and was placed on continued temporary light duty for approximately 5 more months.

Following a functional capacity examination in November 1994, the restrictions were lifted and Bates was released to full duty. However, Bates sought a second opinion from Dr. David W. Gaw who imposed permanent work restrictions limiting Bates to lifting no more than 20–25 pounds, with "no continuous bending, lifting or twisting, and no frequent work in an outstretched or overhead position of arms." Subsequently, Cooper advised Bates-that under these permanent work restrictions, there was no job within the warehouse facility which conformed to these work restrictions and, accordingly, placed him on temporary disability. Upon being advised by Bates that these restrictions were not likely to change and that nothing could be done by Cooper which would enable him to return to full work status as a processor-packer in the automotive parts distribution operation, Cooper terminated Bates's employment at its Smithville warehouse.

In February 1996, Bates filed a complaint in state court alleging that Cooper terminated him in retaliation for filing a claim for workers compensation benefits. The claim was removed to federal court in March 1996.

After conducting substantial discovery in the matter, counsel for Bates sought agreement from Cooper's attorney to enter a joint order permitting an amendment of Bates's claim to include a claim under the Americans with Disabilities Act (ADA). Defense counsel refused and in November 1996, Bates sought leave of this Court to amend his complaint.

There are four motions currently before the court: (1) Defendant's motion for summary judgment; (2) Plaintiff's cross-motion for summary judgment; (3) Plaintiff's motion to amend his complaint; and (4) Defendant's motion for sanctions. For the reasons set forth below, Defendant's motion for summary judgment is granted and all other motions are denied.

### Motion and Cross–Motion for Summary Judgment

■ Cooper moves for summary judgment on Bates's claim of retaliatory termination. Summary judgment is appropriate when the party with the burden of proof cannot advance enough evidence to create a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265. to establish a prima facie case of retaliatory discharge under Tennessee law, a plaintiff must prove: (1) that he was an employee at the time of discharge; (2) that he made a claim against the employer for workers compensation benefits; (3) that he was terminated by the employer; and (4) that his claim for workers compensation benefits was a substantial factor in the employer's motivation to terminate him. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 558 (Tenn.1993). The burden of proof rests with the plaintiff to prove the elements of her case, including a causal relationship between her workers's compensation claim and her termination. *Id.* It is important to note that causation does not exist if the basis for discharge is valid and nonpretextual. *Id.*

■ Clearly, only the causal relationship element is an issue in this case. In his response to Cooper's motion for summary judgment, Bates does not dispute that part of his warehouse duties required him to lift automotive parts well beyond the 25 pound weight restrictions imposed by his doctor but asserts only that because Cooper accommodated his temporary weight restrictions, termination based on permanent weight restrictions was necessarily pretextual. This contention is meritless.

Likewise, Plaintiff's cross-motion for summary judgment asserting that he has established a prima facie case for recovery for wrongful termination and violation of the American with Disabilities Act is totally without merit.

### Motions for Leave to Amend Complaint and for Sanctions

■ Plaintiff's motion for leave to amend his complaint to include a claim under the American Disabilities Act (ADA) is denied. Prior to filing an ADA claim, plaintiff must satisfy administrative prerequisites by filing a claim for disability discrimination with the EEOC. *Dao v. Auchan Hypermarket,* 96 F.3d 787 (5th Cir.1996); *Stewart v. County of Brown,* 86 F.3d 107, 110 (7th Cir.1996); *McSherry v. Trans World Airlines,* 81 F.3d 739, 740, n. 3 (8th Cir.1996). However, in the absence of Sixth Circuit precedent, the issue was not so clear that counsel should be sanctioned for seeking to amend Plaintiff's complaint.

### *ORDER*

For the reasons stated in the accompanying memorandum entered contemporaneously herewith, defendants motion for summary judgment is GRANTED, plaintiff's cross-motion for summary judgment is DENIED, plaintiff's motion for leave to amend complaint is DENIED, and defendant's motion for sanction is DENIED.

It is so ORDERED.