UNITED STATES of America ex rel. Jeff COX, Plaintiff,

v.

IOWA HEALTH SYSTEM, Iowa Hospital and Health Systems, Central Iowa Health System, Central Iowa Hospital Corp. d/b/a Iowa Methodist Medical Center; Rocky Mountain Helicopters, Inc., Rocky Mountain Holdings L.L.C. d/b/a Rocky Mountain Helicopters d/b/a Life Flight; Mercy Hospital Medical Center and Air Methods Corporation d/b/a Mercy Air Life; University of Iowa Hospitals and Clinics and Rocky Mountain Helicopters, Inc., Rocky Mountain Holdings, L.L.C. d/b/a Air Care Defendants.

Civil No. 4–96–CV–10704.

United States District Court, S.D. Iowa, Central Division.

Jan. 23, 1998.

Kathleen M. Deal, United States Attorney, Des Moines, IA, John E. Billingsley, Walker Knopf & Billingsley, Newton, IA, for United States of America, Jeff Cox.

Dennis W. Drake, IA Methodist Hospital, Des Moines, IA, Gregory M. Luce, James J. Graham, Jesse A. Witten, Jones Day Reavis & Pogue, Washington, DC, for Iowa Methodist Medical Center.

Kristin L. Bohlken, David M. Harris, J. Roger Edgar, Greensfelder Hemker & Gale PC, St Louis, MO, for Rocky Mountain Helicopters.

Thomas A. Finley, Glenn Goodwin, Finley Alt Smith Scharnberg May & Craig, Des Moines, IA, for Mercy Hosp. Medical Center.

Michael W. Thrall, Nyemaster Goode Voigts West, Hansell & O'Brien PC, Des Moines, IA, Neil Peck, Gale T. Miller, Davis Graham & Stubbs LLP, Denver, CO, for Air Methods Corp.

Elizabeth M. Osenbaugh, Attorney General of Iowa, Des Moines, IA, for University of Iowa Hospitals.

## ORDER

LONGSTAFF, District Judge.

The Court has before it defendants' motions to dismiss. Plaintiff/Relator Jeff Cox ("Relator") filed this action on behalf of the United States September 17, 1996. On October 14, 1997, defendant Air Methods Corp. ("Air Methods") filed a motion to dismiss which alternately seeks summary judgment. Defendants Iowa Methodist Medical Center ("IMMC") and Mercy Hospital Medical Center ("Mercy") filed motions to dismiss October 15, 1997. Defendant University of Iowa Hospitals and Clinics ("UIHC") filed a motion to dismiss October 29, 1997. On November 5, 1997, the United States filed an amicus curiae brief supporting defendants' motions to dismiss relator's fourth cause of action. Relator filed a consolidated resistance November 12, 1997. IMMC filed a reply brief November 24, 1997. Mercy filed a reply brief on December 4, 1997. UIHC filed a reply brief on December 8, 1997. The government filed an amicus curie brief in reply to UIHC's resistance on November 28, 1997. On December 11, 1997, Mercy and Air Methods requested an expedited hearing on the motions to dismiss. Rocky Mountain Helicopters ("RMH") filed a motion to dismiss on December 19, 1997, and relator responded to the motion January 5, 1998. The parties participated in oral argument before

the Court on January 9, 1998. The motions are now considered fully submitted.

## I. BACKGROUND

### A. Procedural History

Relator Jeff Cox ("Cox") is a citizen and resident of Iowa. Pursuant to 31 U.S.C. § 3729 *et seq.*, relator brings this action on behalf of the United States of America. In a pleading filed June 13, 1997, the United States declined intervention. Relator filed a complaint September 17, 1996. On September 11, 1997, relator filed a second amended and substituted complaint. Relator advances four causes of action, all alleging violations of section 3729.

### B. Factual Background

For the purposes of these motions to dismiss, the following facts are either undisputed or viewed most favorable to the plaintiff. Among other services, defendants provide air ambulance services to medical patients.[1] IMMC Air and Mercy Air conduct business based in Polk County, Iowa, and UIHC Air conducts business based in Johnson County, Iowa. Relator is a "helicopter pilot with many years of experience in the air ambulance industry." Second Amended and Substituted Complaint, ¶ 11. He claims in his years of experience as an air ambulance pilot, he observed false billing practices frequently conducted with the intent to overcharge the United States through claims for Medicare, Medicaid, and CHAMPUS, among other federally supported programs. Specifically, the allegedly fraudulent practice consists of overcharging the "Patient Loaded Miles" submitted to the programs for billing purposes.

The air ambulances fly in nautical miles. When defendants submit bills to the United States, however, they convert nautical miles to statute miles by multiplying the nautical miles amount by 1.15.[2] Thus, the number of statute miles contained in the bill is greater than the number of nautical miles flown. Relator argues this technique, coupled with defendants' practice of adding mileage to bills, overcharges the United States in violation of section 3729.

## II. APPLICABLE LAW

### A. The False Claims Act

Relator asserts two methods by which defendants allegedly made false claims: (1) defendants converted mileage from nautical miles to statute miles without the knowledge and consent of the government; and (2) defendants submitted claims for mileage not actually flown by padding the mileage. The False Claims Act (FCA) provides in pertinent part:

(a) Liability for certain acts.—Any person who—

(1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government ... a false or fraudulent claim for payment or approval;

(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;

(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;

is liable to the United States Government for a civil penalty ... plus 3 times the amount of damages which the Government sustains....

31 U.S.C. § 3729. All four of relator's counts allege a section 3729 violation.

## III. RULE 9(b) AND SUFFICIENCY OF PLEADINGS

Defendants argue relator's complaint should be dismissed for failing to plead the

---

**1.** Relator has named several defendants. Defendants include: Iowa Health System, Iowa Hospital and Health Systems, Central Iowa Health System, Central Iowa Hospital Corp. d/b/a/ Iowa Methodist Medical Center ("IMMC"), and Rocky Mountain Helicopters, Inc., Rocky Mountain L.L.C. d/b/a/ Rocky Mountain Helicopters ("Rocky Mtn."), doing business as Life Flight ("IMMC Air"); Mercy Hospital Medical Center ("Mercy"), and Air Methods Corp. d/b/a/ Mercy Air Life ("Mercy Air"); University of Iowa Hos-

pitals and Clinics ("UIHC"), and Rocky Mountain Helicopters, Inc., Rocky Mountain L.L.C. d/b/a Rocky Mountain Helicopters ("Rocky Mtn.") doing business as Air Care ("UIHC Air").

**2.** Plaintiff notes that a statute mile is 15% longer than a nautical mile. Thus, the method of conversion is mathematically correct. Plaintiff takes issue with the fact that defendants convert the mileage, and not the method of conversion defendants use.

circumstances of fraud with particularity as required by Rule 9(b). Federal Rule of Civil Procedure 9(b) states in relevant part:

> Fraud, Mistake, Condition of the Mind. In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of the mind of a person may be averred generally.

Fed.R.Civ.P. 9(b).

■ The FCA is an anti-fraud statute, and therefore FCA claims must satisfy Rule 9(b)'s requirements. *Gold v. Morrison–Knudsen Co.*, 68 F.3d 1475, 1476–77 (2nd Cir.1995). The Eighth Circuit has noted " 'circumstances' include such matters as the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Commercial Property Investments, Inc. v. Quality Inns Int'l, Inc.*, 61 F.3d 639, 644 (8th Cir.1995) (citations omitted); *see also Parnes v. Gateway 2000*, 122 F.3d 539, 549–550 (8th Cir.1997) (" '[T]he circumstances [constituting fraud] must be pled in detail. This means the who, what, when, where, and how....' " (citation omitted)).

### A. Submitting Claims for Mileage not Actually Flown

. ■ Relator alleges defendants submitted false claims to the United States by "padding" mileage, in other words, charging for miles the air ambulances did not actually fly. Defendants argue that relator's pleadings do not satisfy the heightened pleading standards set forth in Rule 9(b). The Court agrees.

Relator's pleadings, concerning the billing statement in which defendants allegedly padded miles, fail to satisfy 9(b)'s pleading requirements. As this alleged practice, unlike the conversion of mileage, was not consistently performed on all bills submitted by defendants, relator must plead with particularity the specific fraudulent claims submitted. The Court acknowledges relator includes "examples" of false claims in the complaint. Second Amended and Substituted Complaint, ¶ 19. These examples do not satisfy Rule 9(b). The complaint does not identify the person(s) who submitted a particular false claim, and it does not identify any single false claim that any defendant actually submitted to the United States. The complaint does not identify the date each allegedly false claim was submitted to the United States. Indeed, the complaint cites some examples without alleging that the claim was submitted to the United States.[3] Finally, the complaint does not allege the manner in which the claims were fraudulent. Defendants' billing calculations may include factors in addition to mileage flown. Relator does not allege the manner in which defendants calculate the bills they submit to the United States, thus providing insufficient information indicating how billing was fraudulent. Because relator did not set forth in his pleadings the precise claims submitted to the United States, in which defendants allegedly charged the United States for mileage not actually flown, the Court must dismiss relator's claim for its failure to satisfy Rule 9(b).

### B. Converting Mileage from Nautical to Statute Miles

■ In describing defendants' billing practice of converting nautical miles to statute miles, relator alleges "systemic and across the board overcharges...." Notwithstanding the systemic nature of the allegedly fraudulent practice, the Court finds the pleadings insufficient to satisfy Rule 9(b)'s particularity requirements. Relator cites no authority indicating Rule 9(b) is applied differently when fraud is perpetrated in a "systemic and across the board" manner. For this reason, and the reasons discussed above, relator's pleadings cannot stand. Regarding relator's allegations that defendants improperly billed the United States by converting nautical miles to statute miles, the Court finds plaintiff's pleading insufficient, pursuant to Rule 9(b).

Although the Court has determined the case is subject to dismissal pursuant to Rule

---

**3.** *See* Second Amended and Substituted Complaint, ¶¶ 19(a)–19(b) (alleging claim submitted to Blue Cross Blue Shield), ¶ 19(e) (same), ¶¶ 19(f)–19(h) (alleging false claim submitted to patient), ¶ 19(j) (same).

9(b), it will alternately examine one ground of defendants' 12(b)(6) motion, relating to the conversion claims.

## IV. THE FALSE CLAIMS ACT

### A. Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss all or a portion of the claim "for failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When considering a motion to dismiss, the Court will accept as true all factual allegations in the complaint. *McSherry v. Trans World Airlines, Inc.*, 81 F.3d 739, 740 (8th Cir.1996) (citing *Leatherman v. Tarrant Co. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 163–65, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993)). However, "conclusory allegations of law and unwarranted inferences are insufficient" to defeat a 12(b)(6) motion to dismiss. *In re Syntex*, 95 F.3d 922, 926 (9th Cir.1996) (citation omitted). A motion to dismiss will be granted "only if no set of facts would entitle the plaintiff to relief." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 45–47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Defendants make several arguments supporting dismissal of this case: (1) plaintiff's complaint fails to allege the claims defendants submitted were false; (2) plaintiff's complaint fails to allege defendants acted with the degree of scienter required by the FCA; (3) defendants Air Methods and RMH argue they never "submitted" any claims and therefore cannot be liable; (4) defendant UIHC argues that as a State entity, the Eleventh Amendment bars a section 3729 suit against it; and (5) defendant UIHC argues that the State, including the state entity UIHC, cannot be a "person" under the FCA.

### B. Submission of a "False Claim"

▆ Plaintiffs pursuing FCA claims must allege defendant has submitted a "false" claim to the federal government. 31 U.S.C. § 3729(a); *see also Rabushka ex rel. United States v. Crane Co.*, 122 F.3d 559, 563 (8th Cir.1997); *United States ex rel. Glass v. Medtronic, Inc.*, 957 F.2d 605, 608 (8th Cir. 1992). Defendants argue plaintiff fails to allege a "false" claim, because no law exists which requires medical care providers to measure air ambulance mileage in nautical miles rather than statute miles when submitting claims to Medicare or other federal medical program. Thus, defendants argue, the bills they submitted, charging air ambulance distances in statute miles rather than nautical miles, were not in any way false.

Relator presents no indication defendants' claims based on statute miles were false. He provides no authority acknowledging the United States *requires* defendants to submit claims for air ambulance miles flown in nautical miles, rather than statute miles. Additionally, relator does not identify any law, regulation, or other source suggesting federal medical programs expected air ambulance mileage claims to be in nautical miles rather than statute miles. In fact, relator describes the conversion practice in his complaint as "the standard, but carefully concealed, *practice in the industry.*" Second Amended and Substituted Complaint, ¶ 13 (emphasis added). A standard billing practice within an industry could hardly be said to be false, when no controlling authority requires parties to submit claims in nautical rather than statute miles.

Relator's conclusory statements that defendants' claims were false, without any indications of the claims' falsity, are insufficient to entitle his section 3729 claims to survive a motion to dismiss. *See In re Syntex*, 95 F.3d at 926. Given the fact that relator has submitted no law, rule, regulation, policy, or otherwise, supporting the notion that the claim in which defendants converted mileage from nautical miles to statute miles was "false," the Court must dismiss this action. Relator cannot pursue a FCA allegation without a legitimate false claim.

The Court need not address defendants' other arguments as the aforementioned are dispositive.

## V. CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are GRANTED.

IT IS SO ORDERED.