# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

# FILED

October 28, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| ROGER D. ANDERSON, | ) | |
| | ) | |
| Plaintiff/Appellant | ) | Appeal No. |
| | ) | 01-A-01-9807-CH-00396 |
| vs. | ) | |
| | ) | Davidson Chancery |
| AJAX TURNER CO. | ) | No. 97-290-I |
| | ) | |
| Defendant/Appellee | ) | |

## COURT OF APPEALS OF TENNESSEE

## APPEAL FROM THE CHANCERY COURT
## FOR DAVIDSON COUNTY

### THE HONORABLE ELLEN HOBBS LYLE PRESIDING

WILLIAM L. MOORE, JR.
ROGERS & MOORE
119 PUBLIC SQUARE
GALLATIN, TENNESSEE 37066

ATTORNEY FOR PETITIONER/APPELLANT

WAVERLY D. CRENSHAW, JR.
MARK W. PETERS
WALLER LANSDEN DORTCH & DAVIS
511 UNION STREET, SUITE 2100
NASHVILLE, TENNESSEE 37219

ATTORNEYS FOR RESPONDENT/APPELLEE

**AFFIRMED AND REMANDED**

PATRICIA J. COTTRELL, JUDGE

CONCUR:
CAIN, J.
CRAWFORD, J.

# OPINION

This case involves the viability of claims asserted under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and the Tennessee Handicap Discrimination Act ("THDA"), Tenn. Code Ann. § 8-50-103. For the reasons set out herein, we affirm the trial court's decision to grant summary judgment to the Defendant, Ajax Turner Company.

Roger Anderson began working for Ajax Turner as a route salesman in 1990. His duties entailed delivering and selling beer, building beer displays, driving a delivery truck and handling finances. In the course of his duties, he was regularly required to lift cases of beer. The cases of beer he delivered each weighed over twenty pounds.

In June 1995, a case of beer fell on Mr. Anderson while he was unloading a truck, and he herniated a disk in his back. He remained on medical leave from September 1995 to June 1996. During his leave, Mr. Anderson underwent a laminectomy and obtained workers compensation benefits. In May 1996, he attempted to report back to work with restrictions on his activities, but his employer sent him home. He was terminated in June 1996.

He commenced the underlying action after his discharge, alleging violations of both the state and federal disability in employment statutes. Ajax Turner moved for summary judgment, arguing that Mr. Anderson's ADA claim should be dismissed because he failed to exhaust his administrative remedies as required by that federal

statute. It also maintained that Mr. Anderson failed to establish a *prima facie* case under the THDA because his alleged handicap did not substantially limit a major life activity and his injury prevented him from performing the essential functions of his job without accommodation.

After reviewing Ajax Turner's motion, the trial court dismissed the ADA claim for lack of subject matter jurisdiction, finding Mr. Anderson had failed to exhaust his administrative remedies. It also dismissed the State law claim based upon Mr. Anderson's failure to establish a *prima facie* case of handicap discrimination because he was not substantially limited in any major life activity but could not perform the essential functions of the job without accommodation. After the dismissal of his claims, Mr. Anderson commenced this appeal.

## I.

Our standard of review in considering the propriety of summary judgment is well-settled:

> Since our inquiry involves purely a question of law, no presumption of correctness attaches to the trial court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *Cowden v. Sovran Bank/Central South*, 816 S.W.2d 741, 744 (Tenn. 1991). Tenn. R. Civ. P. 56.03 provides that summary judgment is only appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *Byrd v. Hall*, 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as matter of law on the undisputed facts. *Anderson v. Standard Register Co.*, 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991).
>
> The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *Byrd*, 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the conclusions to be drawn from the facts permit a reasonable person to reach only one conclusion. *Id.*

*Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995). Applying these standards, we

review the decision below.

## II.

Mr. Anderson contends that the trial court erred in dismissing his ADA claim. He maintains that the Tennessee Human Rights Act ("THRA"), Tenn. Code Ann. § 4-21-101, *et seq.*, confers subject matter jurisdiction on Tennessee courts to hear ADA claims because its stated purpose is to provide for the execution within this state of the policies embodied of the federal civil rights statutes. *See* Tenn. Code Ann. § 4-21-101(a) (1991). We disagree.

The ADA incorporates by reference the powers, remedies, and procedures of Title VII, which requires employees claiming discrimination to file a charge with the Equal Employment Opportunity Commission or the comparable state administrative agency. *See* 42 U.S.C. §§ 2000e-5(e)(1) and (f)(1) and 12117 (a); *McSherry v. Transworld Airlines, Inc,* 81 F.3d 739, 740 n. 3 (8th Cir. 1996). Failure to file a timely administrative charge is generally fatal to ADA claims asserted in federal court. *See Love v. Pullman Co.,* 404 U.S. 522, 523-524, 92 S.Ct. 616, 618, 30 L.Ed.2d 679, 683 (1972); *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Filing the charge is not a mere procedural requirement. The purpose is to give the administrative agency the opportunity to investigate the charge and bring to bear its voluntary compliance and conciliation functions. 42 U.S.C. § 2000e-5(b) (1994).

Mr. Anderson argues that this substantive statutory requirement of exhaustion of administrative remedies does not apply when ADA claims are asserted in

Tennessee state courts. The incongruous result of this theory would be that plaintiffs suing in state court would not have to exhaust their administrative remedies while those initiating actions in federal court would. We are unpersuaded that Congress, having elected to permit concurrent jurisdiction, intended to condone such unequal treatment between forums. *See Donnelly,* 494 U.S. at 823, 110 S.Ct. at 568, 108 L.Ed.2d at 839; *Joo v. Capitol Switch, Inc.*, 650 A.2d 526, 532 (Conn. 1994). Mr. Anderson has provided no case support for his proposition that we need only selectively apply the provisions of the ADA, and we have found none.

Nor does the THRA exempt Mr. Anderson from the ADA's exhaustion requirement. When the THRA was enacted in 1978, the ADA did not exist. *See Eason v. Memphis Light, Gas & Water Div.*, 866 S.W.2d 952, 954 (Tenn. App. 1993). The ADA became effective in 1992. The General Assembly could hardly have intended to modify the requirements of the ADA by enacting the THRA when the ADA did not exist at the time. In any event, our General Assembly is not empowered to amend or repeal federal law. U.S. Const. art. VI., cl. 2.

The record unequivocally shows, by Mr. Anderson's own testimony, that he filed no administrative claim. Therefore, the trial court properly granted summary judgment on the ADA claim.

### III.

Mr. Anderson argues that the THRA requires Tennessee employers to make reasonable accommodations to otherwise qualified disabled employees. We disagree.

The THDA states in pertinent part:

> (a)  There shall be no discrimination in the hiring, firing and other terms and conditions of employment of the state of Tennessee or any department, agency, institution or political subdivision of the state, or of any private employer, against any applicant for employment based solely upon any physical, mental or visual handicap of the applicant, **unless such handicap to some degree prevents the applicant from performing the duties required by the employment sought or impairs the performance of the work involved.**

Tenn. Code Ann. § 8-50-103 (1993).

To establish a prima facie case of handicap discrimination under this section, claimants must show: 1) that they have a handicap, and 2) that they can actually do the work or are "otherwise qualified" to do the work notwithstanding their handicap. *See Abraham v. Cumberland-Swan, Inc.,* No. 01A01-9201-CH-00032, 1992 WL 207775 at * 7 (Tenn. App. Aug. 28, 1992).  Once the plaintiff has established a prima facie case, the burden then shifts to the defendant employer to show that its job requirements and standards are bona fide occupational requirements.  *See Cecil v. Gibson*, 820 S.W.2d 361, 366 (Tenn. App. 1991). It is not necessary for the employer to go forward unless the plaintiff establishes a prima facie case. *See Jasany v. United States Postal Service*, 755 F.2d 1244, 1249-50 (6th Cir. 1985).

Here, Mr. Anderson failed to establish a *prima facie* case of employment discrimination.  The record shows that he could not actually do the work.   It is undisputed that Mr. Anderson's former job required the ability to lift twenty pound cases of beer.  Mr. Anderson admitted that, without assistance,  he could no longer pick up the beer, unload the truck, and push dollies with big loads of beer on them. He testified that he could not perform his former job alone.  He did not argue that he was "otherwise qualified."   The final clause in Tenn. Code Ann. § 8-50-103(a) permits employers to discharge disabled employees if their handicap "to some

degree prevents" or "impairs" job performance.

Mr. Anderson argues that his employer must make accommodation for his inability to perform the functions required by his job by providing him with an assistant to perform the lifting duties. Unlike its federal counterpart, Tenn. Code Ann. § 8-50-103(a) is silent on the subject of an employer's duty to reasonably accommodate a disabled employee. In the face of this silence, our courts have declined to impose such a duty. Instead, they agree that "the portion of the THRA that prohibits discrimination on the basis or disability does not require employers to provide disabled workers with reasonable accommodations." *Pruett v. Wal-Mart Stores, Inc.*, No. 02A01-9610-CH-00266, 1997 WL 729260 at * 13 (Tenn. App. Nov. 25, 1998); *see Tuck v. HCA Health Services of Tennessee, Inc.,* 7 F.3d 465, 474 (6th Cir. 1993); *Abraham v. Cumberland-Swan, Inc.*, No. 01 A01-9201-CH-00032, 1992 WL 207775 (Tenn. App. Aug. 28, 1992); Thus, Ajax had no legal duty to accommodate Mr. Anderson's condition under Tennessee law, and Mr. Anderson has no claim for failure to accommodate.

IV.

Mr. Anderson argues that summary judgment was inappropriate because a question of material fact, whether he is disabled under Tenn. Code Ann. § 4-21-102 (9), remains to be tried. The record is clear that he cannot establish the second element of his *prima facie* case, that he could actually do the work or was "otherwise qualified" to do the work notwithstanding his handicap. In light of this deficiency, the existence of disputed questions of fact on the first element, whether he actually has a disability, is immaterial.

Accordingly, the judgment of the trial court is affirmed and this case is remanded for any further proceedings which may be necessary. Costs of this appeal shall be taxed to Appellant, for which execution may issue if necessary.

_____
PATRICIA J. COTTRELL, JUDGE

CONCUR:


_____
WILLIAM B. CAIN, JUDGE


_____
W. FRANK CRAWFORD, JUDGE