# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1379NI

_____

| | | |
|---|---|---|
| Carl E. Brant, | * | |
| | * | |
| Appellant, | * | On Appeal from the United |
| | * | States District Court |
| v. | * | for the Northern District |
| | * | of Iowa. |
| The Principal Life and Disability | * | |
| Insurance Company; Armour Swift- | * | [Not To Be Published] |
| Eckrich, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: March 30, 2001

Filed: April 30, 2001

_____

Before MORRIS SHEPPARD ARNOLD, RICHARD S. ARNOLD, and FAGG,
Circuit Judges.

_____

PER CURIAM.

Carl Brant sued his former employer and its employee-insurance provider, claiming that (1) his employer violated the Americans with Disabilities Act (ADA) by failing to offer him employment that complied with his medical restrictions, and instead placing him on long-term disability; (2) his employer was obligated to continue paying for his basic life insurance when he was placed on long-term disability, as he was still an employee, but defendants improperly discontinued his basic and supplemental life

insurance; and (3) defendants were liable for damages for the pain and anguish his family suffered when faced with the possibility of his uninsured death from a subsequent brain aneurysm. The District Court dismissed the first two claims, and granted summary judgment to defendants on the third. Brant appeals.

We conclude the District Court properly dismissed Brant's ADA claim, because he did not file a charge of discrimination with the Equal Employment Opportunity Commission before bringing the suit. See McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 n.3 (8th Cir. 1996) (per curiam). We also conclude the District Court properly granted summary judgment to defendants on Brant's damages claim for his family's suffering: Brant concedes there was no contractual provision for such damages; and under the Employee Retirement Income Security Act (ERISA), individual ERISA plan participants have no right of action for recovery of extra-contractual compensatory or punitive damages for breach of a fiduciary duty, see Mass. Mut. Life Ins. Co. v. Russell, 473 U.S. 134, 136, 148 (1985).

We hold, however, that the District Court erred in dismissing Brant's claim for reinstatement of his life insurance benefits. Construing the claim liberally and in light of ERISA, we conclude that Brant had a right to judicial review of the denial of or refusal to pay plan benefits. See 29 U.S.C. § 1132(a)(1)(B) (civil enforcement); Howe v. Varity Corp., 36 F.3d 746, 754-55 (8th Cir. 1994) (individual plan beneficiaries have right of action under ERISA for breach of fiduciary duty). Both Brant's employer and its insurance provider were proper defendants in such an action, because their administrative services agreement gave them discretionary authority to determine eligibility for benefits and to construe the terms of the plan. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 113 (1989) (ERISA defines fiduciary as one who exercises any, as opposed to entire, discretionary authority or control respecting management of plan or disposition of assets). Accordingly, we remand this claim to the District Court. On remand, the Court should also address a possible conflict of

interest on the part of the magistrate judge, which Brant has called to our attention.  See 28 U.S.C. § 455(b)(4).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.