

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-3-2008

# Garland v. US Airways Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5191

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Garland v. US Airways Inc" (2008). *2008 Decisions.* Paper 1480.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1480

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 06-5191, 07-1115, 07-1452, 07-1672, 07-1773, 07-1876, 07-1999
_____

PHILIP A. GARLAND,
Appellant

v.

US AIRWAYS INC, a Corporation, and individually, officially, and Professionally;
STEPHEN M. WOLF; RAKESH GANGWALD; GREG GIBSON; ED BULAR; DON
MATHEWS; RON SCHILLING; RICK DAVIES; DAVID SIEGAL; HAROLD
SIMPSON; MICHELLE BRYAN; TOM JERMAN; EVELYN BECKER; DONNA
LEWIS; AIRLINE PILOTS ASSOCIATION INTERNATIONAL, a Labor Organization;
and individually and professionally; JAMES JOHNSON; THE US AIRWAYS PILOT'S
SYSTEM BOARD OF ADJUSTMENT, a Federal Labor Arbitration Panel; EDWARD B.
KRINSKY, individually, officially and professionally; PENSION BENEFIT
GUARANTY CORPORATION, a government corporation, individually, and officially
and professionally; PARMA B. JOSHI, individually, officially and professionally;
DUANE WOERTH, individually, officially and professionally; BRADLEY D.
BELT, Director, individually, officially and professionally; BRUCE LAKEFIELD,
Individually, officially and professionally; SARAH BEAN, Individually, officially and
professionally; UNITED STATES OF AMERICA

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
D.C. Civil Action No. 05-0140
(Honorable Donetta W. Ambrose)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 1, 2008

Before: SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

(filed: March 3, 2008 )

PER CURIAM.

Philip Garland appeals from the dismissal of a lawsuit he filed against twenty-four defendants after he was fired from US Airways as an airline pilot. After a careful review of the record, we will affirm the orders of the District Court.

I. Background

We need not set out a detailed account of the extensive history of Garland's cases but will only briefly state the relevant procedural history as a backdrop for the present appeal. Garland filed this suit in February 2005 alleging wide-ranging federal and state claims based upon his allegedly discriminatory termination from US Airways, Inc. ("US Airways") as an airline pilot and based upon the arbitration that upheld the termination. Years before, in 1986, Garland had filed a lawsuit challenging US Airways' discriminatory hiring practices based on race. After a bench trial in 1991 before the U.S. District Court for the Western District of Pennsylvania, he prevailed. He continued flying for US Airways until the airline terminated him in April 2001 for failure to maintain his qualifications, namely, a valid pilot's license. Garland lost an arbitration over the termination. In the meantime, he filed several motions in the 1986 action and eventually sought to reopen and add defendants and claims to the 1986 case. Those efforts were rejected by the District Court, which instructed him to file a separate lawsuit regarding his

2

termination. Garland did so in the instant suit, and he subsequently amended his complaint two times over the course of nearly two years. After most of the twenty-four defendants had filed motions to dismiss, the District Court dismissed the defendants in a series of orders from which Garland filed seven individual appeals. All of those appeals have been consolidated.

It is important to note contextually for this appeal that since Garland was terminated from US Airways in 2001, the airline filed for bankruptcy twice. Garland filed proofs of claims in both bankruptcies, seeking $17 million for discrimination, harassment and retaliation. The Bankruptcy Court granted summary judgment to US Airways, finding that Garland's claims were disallowed as moot and/or discharged and, that, in the alternative, they were barred by res judicata. The U.S. District Court for the Eastern District of Virginia and the U.S. Court of Appeals for the Fourth Circuit affirmed.

In our review of each of the dismissals before the Court in these consolidated appeals, the same facts from Garland's second amended complaint govern. Rather than restate those facts here, we will rely on them as stated in Garland's complaint and as restated in each of the District Court's opinions and orders appealed.

II. Discussion

We review de novo the District Court's dismissals for lack of subject matter jurisdiction, failure to effectuate service, and failure to state a claim. See In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 273 (3d Cir. 1999); Telcordia Tech, Inc. v. Telkom SA

3

Ltd., 458 F.3d 172, 176-77 (3d Cir. 2006); Lum v. Bank of Am., 361 F.3d 217, 223 (3d Cir. 2004).  We must accept as true all factual allegations asserted in the complaint and draw all reasonable inferences in the plaintiff's favor when considering the dismissals.  See id.  In considering the dismissal for lack of subject matter jurisdiction, however, the plaintiff bears the burden of persuading the court that it has jurisdiction.  See Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

A.  Dismissal of US Airways and US Airways Defendants

Garland raises numerous grounds for appeal, but of primary concern is the dismissal of US Airways and US Airways-associated defendants from the lawsuit on March 14, 2007.  Although he argues that the dismissal of various claims against US Airways was improper, he fails to persuasively make the case that almost all of his claims against US Airways were not discharged by the confirmation of US Airways' bankruptcy plan.

Under the Bankruptcy Code, debtors are discharged from debts that arose prior to the confirmation of a reorganization plan.  See 11 U.S.C. § 1141(d)(1)(A).  The Code defines "debt"as "liability on a claim."  Id. § 101(12).  And "claim" under the Code includes a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured."  Id. § 101(5)(A).  Furthermore, US Airways' Reorganization Plan provided: "Pursuant to section 1141(d) of the Bankruptcy Code,

4

except as otherwise specifically provided in this Plan or in the Confirmation Order, the distributions and rights that are provided in this Plan shall be in complete satisfaction, discharge, and release, . . . of any and all Claims and Causes of Action, . . . including, but not limited to, demands and liabilities that arose before the Confirmation Date . . ." (US Airways Appendix, at 205.) The Bankruptcy Court's Confirmation Order incorporated this language of the Plan. (See id. at 201.)

Here, Garland's "right to payment" (disputed, of course) on his Title VII and 42 U.S.C. § 1981 claims arose when he was terminated from his position at US Airways. See McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 741 (8th Cir. 1996). In fact, nearly all of his sixteen other claims against the airlines, with the exception of two minor claims,[1] arose before US Airways' reorganization plan was confirmed.

Garland does not dispute this, but counters that the debts should not be discharged where a debtor's conduct has been dishonest. He essentially claims that he established a prima facie case of discrimination and therefore had a rebuttable presumption that US

---

[1] Two of Garland's claims were not discharged by the bankruptcy because the underlying factual basis for them occurred after the bar date in US Airways' second bankruptcy case of February 3, 2005. Garland's section 1985(3) and breach of contract claims against US Airways involved a telephone conversation he had with one of its bankruptcy counsel, Sarah Boehm (mistakenly named in the lawsuit as "Bean"), on October 17, 2005. For the reasons explained by the District Court, Garland has failed to state a claim on these counts. See Dist. Ct. Op. at p. 20-21; p. 23 n. 18. In addition, the Bankruptcy Court and the Eastern District of Virginia analyzed the facts of this claim on Garland's motion for sanctions and found Garland's claims to be without merit. See In re US Airways, Inc., 2006 WL 2992495 at *6 (E.D. Va. Oct. 13, 2006).

Airways had engaged in unlawful conduct. There are two problems with this proposition, however. First, Garland did not establish a prima facie case of discrimination. As the District Court for the Eastern District of Virginia explained, Garland did not make a prima facie showing of discrimination, retaliation or harassment. See In re US Airways, Inc., 2006 WL 2992495 at *5-6 (E.D. Va. Oct. 13, 2006). The Fourth Circuit affirmed. As the District Court for the Western District of Pennsylvania explained, we are bound under the principles of res judicata to honor the judgment of those courts, and Garland's claims would be barred. In addition, Garland appears to have misapprehended the Bankruptcy Code on discharge: while provisions of the Code except certain individual debtors from discharge where there has been "willful and malicious injury by the debtor," the same provisions do not apply to corporate debtors filing under Chapter 11.

### B. Dismissal of ALPA, Woerth, and Johnson

Garland argues that his complaint against the Air Line Pilots Association, International ("ALPA") should not have been dismissed because the Railway Labor Act ("RLA") should not have preempted his discrimination and retaliation claims where he was litigating federal and state rights independent of the Collective Bargaining Agreement.[2] Garland's argument is misplaced.

---

[2] Garland did not challenge the dismissals of Duane E. Woerth, president of ALPA, and James W. Johnson, an ALPA attorney who represented Garland during the arbitration, from the suit in his opening brief on appeal, and so we will not address them here. See Laborers' Int'l Union of N. Am. v. Foster Wheeler Corp., 26 F.3d 375, 398 (3d Cir. 1994) (issue not briefed is waived on appeal). Although Garland suggests in his brief

The District Court dismissed Garland's federal race and age discrimination claims against ALPA because he failed to exhaust his administrative remedies. A Title VII claimant (and claimants under the Pennsylvania Human Relations Act) must exhaust administrative remedies prior to seeking relief in federal court. "A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to the suit specified by Title VII: prior submission of the claim to the EEOC for conciliation or resolution." Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (internal quotations omitted). Garland did not demonstrate that he exhausted his claims with the EEOC, and the discrimination claims were properly dismissed.

Furthermore, the District Court properly dismissed his claims under 42 U.S.C. §§ 1981 and 1985(3) because his claims were barred by the two-year statute of limitations. Garland could have filed his claim under the pre-1990 version of the § 1981 statute, and therefore, the two-year statute of limitations applies to his claim. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004) (only if cause of action arises under post-1990 version of federal statute does the four-year statute of limitations apply); Goodman v. Lukens Steel Co., 482 U.S. 656, 662 (1987) (agreeing with this Court that Pennsylvania's two-year statute of limitations applied in § 1981 action against union). A

that preemption under RLA of a state-law discrimination claim was wrong, there is no such claim apparent in his complaint. To the extent that he generally objects to his state law claims being subsumed by the RLA's Duty of Fair Representation, we agree with the District Court's analysis. (See Dist. Ct. Op. 12/12/06, at 10-12.)

two-year limitations period applies to the § 1985(3) claim also.  See Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 80 (3d Cir. 1989) (holding that Pennsylvania's two-year statute of limitations applies to actions under § 1985(3)).  Since ALPA's actions concluded after the arbitration hearing in July 2002, and Garland filed this action in 2005, his claims under §§ 1981 and 1985 are barred.

C.  Dismissal of Federal Defendants

Garland sued two Federal Aviation Administration officials, Rick Davies and Harold Simpson ("Federal Defendants") under the Federal Tort Claims Act ("FTCA"), Bivens, and other grounds.   Garland alleged that these two FAA agents observed him during a proficiency reexamination by US Airways and that on other occasions, the two agents evaluated him and gave him unsatisfactory ratings.  Garland alleges collusion by the FAA agents with US Airways and ALPA to ensure that he would not pass.  He also maintains that the two officials provided false information in affidavits on file with the FAA and that Davies committed perjury at his arbitration hearing.

In the District Court, the United States successfully substituted itself as the defendant in the place of the FAA officials.  The court ultimately granted the United States' two motions to dismiss all claims against it.  On appeal, Garland focuses completely on his Bivens claims and appears to have abandoned any argument regarding the dismissal of the FTCA claims and his other claims.  He did not address the District Court's first ground of dismissal in its March 2 opinion based upon Garland's failure to

timely serve the United States with a summons and complaint as required under Fed. R. Civ. P. 4(i). We do not find error with the District Court's dismissal where Garland failed to comply with Rule 4(i) in the service of his second amended complaint after being given extra time and instructions on how to serve. Even if we did not agree, however, the District Court properly found Garland's Bivens claim failed on the multiple grounds enumerated in the March 2 opinion. First, the court lacked subject matter jurisdiction on account of the terms of a settlement agreement that Garland and the FAA reached after he appealed the revocation of his pilot's certificate under 49 U.S.C. § 44709, 49 C.F.R. § P821. Second, jurisdiction was also lacking because a district court does not have jurisdiction over a Bivens action for damages against FAA officials when the exclusive avenue of review of such FAA orders lies with the Court of Appeals. See Green v. Brantley, 981 F.2d 514, 519-20 (11th Cir. 1993). In addition, Garland's claims are otherwise barred by a two-year statute of limitations. See Napier v. Thirty or More Unidentified Fed. Agents, 855 F.2d 1080, 1088 & n.3 (3d Cir. 1988); 42 Pa. Cons. Stat. Ann. § 5524(2).

### D. Dismissal of Other Defendants

Garland makes numerous references to the actions of Edward Krinsky, the arbitrator who handled the arbitration of Garland's termination from US Airways. Krinsky was dismissed from the lawsuit by order of September 21, 2006, an order from which Garland did not appeal. However, Garland's appeal of the final order in this action

9

raised the entire matter for appeal, provided that Garland adequately identified the issues he sought to appeal in his brief. It is clear from his brief that Garland challenges the dismissal of Krinsky from the lawsuit. Nevertheless, we agree with the District Court that all claims against Krinsky are barred by the doctrine of arbitral immunity. Arbitrators are protected from liability for acts which arise out of their arbitral functions and under their jurisdiction during the course of contractually agreed-upon arbitration hearings. See Wasyl, Inc. v. First Boston Corp., 813 F.2d 1579, 1582 (9th Cir. 1987); Cahn v. Int'l Ladies' Garment Union, 311 F.2d 113, 114-15 (3d Cir. 1962).[3] Garland claims that Krinsky was biased against him and that he conspired with US Airways in exchange for payment. But these allegations do not overcome the arbitral immunity because, as Garland acknowledges in his brief, the allegations concern conduct that would still fall within the arbitral process. See Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Am. v. Greyhound Lines, Inc., 701 F.2d 1181, 1185-86 (6th Cir. 1983).

There are other parties to this action against whom Garland did not enumerate any issues on appeal in his opening brief.[4] We have accorded Garland every amount of

---

[3] Such immunity also applies to the boards sponsoring the arbitration, and so the dismissal of the US Airways Pilots System Board of Adjustment was entirely proper. See Corey v. N.Y. Stock Exch., 691 F .2d 1205, 1209 (6th Cir. 1982).

[4] Garland did not identify or brief claims against the Pension Benefit Guaranty Corporation ("PBGC"), Bradley D. Belt, Tom Jerman, Evelyn Becker, or Aparna B. Joshi. Garland did file a reply brief, but as PBGC pointed out, that attempt came one brief too late. See Ghana v. Holland, 226 F.3d 175, 180 (3d Cir. 2000).

10

leniency that a pro se litigant can be afforded in his pleadings. That said, however, Garland was still required to identify and explain what issues he intended to appeal against these appellees. See Fed. R. App. P. 28(a)(5) and (9). Garland's failure to identify and argue issues against these appellees in his opening brief constitutes a waiver of the issues on appeal. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005).

For the foregoing reasons, we will affirm the orders of the District Court granting the appellees' motions to dismiss.