United States Court of Appeals,

Fifth Circuit.

No. 96-20027

Marie Therese DAO, Plaintiff-Appellant,

v.

AUCHAN HYPERMARKET, Defendant-Appellee.

Oct. 3, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:

Primarily at issue is whether administrative remedies must be exhausted before an action can be filed under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.* Marie Therese Dao, *pro se,* appeals the dismissal of her complaint against her former employer, Auchan Hypermarket. We **AFFIRM.**

I.

Dao asserted claims under the ADA and for "violation of public policy, breach of good faith and fair dealing, and defamation of character" under Texas law. The district court granted Auchan's FED.R.CIV.P. 12(b)(6) motion to dismiss, holding that Dao failed to comply with the administrative prerequisites for filing an action under the ADA; that the violation of public policy claim did not fall within the narrow public policy exception to Texas' employment-at-will doctrine; that Texas law does not recognize a duty of good faith and fair dealing in the employer-employee relationship; and that the defamation claim was not timely filed.

II.

A Rule 12(b)(6) dismissal is reviewed *de novo. E.g., Jackson v. City of Beaumont Police Dept.,* 958 F.2d 616, 618 (5th Cir.1992). "The dismissal will not be upheld unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to

relief." *Mitchell v. McBryde,* 944 F.2d 229, 230 (5th Cir.1991) (internal quotation marks and citation omitted).

## A.

Dao contends that the district court erred in holding that she was required to file a charge of discrimination with the EEOC or the Texas Human Rights Commission prior to filing her ADA claim in federal court. This is an issue of first impression for our court. The other courts that have considered the issue, however, have reached the same conclusion as did the district court. *See Stewart v. County of Brown,* 86 F.3d 107, 110 (7th Cir.1996) ("In order to recover for violations of Title I of the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged violation (if he does not file an initial charge with a state agency)"); *McSherry v. Trans World Airlines, Inc.,* 81 F.3d 739, 740 n. 3 (8th Cir.1996) (noting that ADA incorporates by reference the powers, remedies, and procedures set forth in Title VII, which requires employees claiming discrimination to file a charge with the appropriate administrative agency, and bars suits until the employee has received a right-to-sue letter); *Luna v. Walgreens,* 888 F.Supp. 87, 88 (N.D.Ill.1995) (filing discrimination charge with EEOC is condition precedent to filing ADA action in federal court); *Bishop v. Okidata, Inc.,* 864 F.Supp. 416, 424 (D.N.J.1994) (procedure of filing charge with EEOC and receiving right-to-sue letter before bringing an ADA action is not jurisdictional, but plaintiff "must exhaust these administrative remedies before suing in federal court"); *Osborn v. E.J. Brach, Inc.,* 864 F.Supp. 56, 58 (N.D.Ill.1994) (before filing ADA action against employer, employee must file timely EEOC charge and receive right-to-sue letter); *James v. Texas Dept. of Human Services,* 818 F.Supp. 987, 990 (N.D.Tex.1993) (ADA plaintiff's administrative remedies will be deemed exhausted upon her receipt of right-to-sue letter from Texas Human Rights Commission and submission of letter to court).

We join those courts in holding that an employee must comply with the ADA'tion in federal court against her employer for violation of the ADA. As the district court correctly noted, the ADA incorporates by reference the procedures applicable to actions under Title VII, 42 U.S.C. § 2000e,

*et seq.* It provides:

> The powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, and 2000e-9 of this title shall be the powers, remedies, and procedures this subchapter provides to the Commission, to the Attorney General, or to any person alleging discrimination on the basis of disability in violation of any provision of this subchapter.

42 U.S.C. § 12117(a).

Section 2000e-5(e)(1) provides that, before a plaintiff can commence a civil action under Title VII in federal court, she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); *see, e.g., Cruce v. Brazosport Independent School Dist.,* 703 F.2d 862, 863 (5th Cir.1983) (although filing of EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court"). And, § 2000e-5(f)(1) provides that a civil action must be commenced "within ninety days" after the charging party has received a "right-to-sue" letter from the EEOC or state or local agency. 42 U.S.C. § 2000e-5(f)(1); *see Nilsen v. City of Moss Point, Miss.,* 621 F.2d 117, 120 (5th Cir.1980).

It is undisputed that Dao did not file a disability discrimination charge with the EEOC or with a state or local agency. Accordingly, the district court did not err by dismissing her ADA claim. (Dao's motions for court-appointed counsel and to supplement the record, and Auchan's motion to strike Dao's additional evidence, are **DENIED.**)

### B.

We affirm the dismissal of Dao's state law claims for the reasons stated by the district court. *Dao v. Auchan Hypermarket,* No. H-95-2619 (S.D.Tex. Dec. 5, 1995) (unpublished).

### III.

For the foregoing reasons, the judgment is

***AFFIRMED.***