UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50637
Summary Calendar

_____

SUSAN ESQUIVEL,

Plaintiff-Appellee,

versus

COUNTY OF EL PASO; CHARLES MATTOX, County Judge,

Defendants-Appellants.

Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-97-CV-87-H

July 1, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

County of El Paso and Charles Mattox contest a jury verdict for Susan Esquivel, on her claim that Appellants failed to make a reasonable accommodation for her disability as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12112(a) *et seq*. Appellants claim that the district court erred in excluding certain evidence at trial and in denying their motions for judgment as a matter of law and for a new trial. We **AFFIRM**.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In March 1993, Esquivel, employed by Appellants, reported that she had been injured on the job. Esquivel, who worked at the computer "help desk" as an Information Center Coordinator (ICC) with the County Consolidated Data Processing Department (CDP), stated that the repetitive hand motions of her job had caused her to develop carpal tunnel syndrome, causing pain in her wrists, arms, and shoulders. She underwent surgery on her right hand that July; on her left hand, that October. She was unable to work between the surgeries.

That November, Esquivel began discussions with persons at the CDP regarding her return to work. She was released to work, with restrictions, by her physician in September 1994. The restrictions included limitations on the time she should could spend typing, standing, sitting, and lifting, among others.

Although the testimony at trial conflicted on who initiated the topic, there was discussion of possibly placing Esquivel in the position of a customer service representative (CSR), which would be considered a promotion and had a higher salary. Because of her medical restrictions, Esquivel was told that there were no positions for her at CDP.

That October, Esquivel filed her first charge of discrimination with the Equal Employment Opportunity Commission (EEOC), claiming that CDP had failed to reasonably accommodate her disability. And, after applying for a CSR position and being denied an interview, Esquivel filed a second EEOC complaint in February 1995. That March, she interviewed for a CSR position, but was not awarded the job. Finally, that July, Esquivel met with a CDP supervisor and a vocational therapist; an agreement was reached allowing Esquivel to return to her ICC position. As of trial, Esquivel continued to be employed at CDP.

At trial, Esquivel essentially claimed that Appellants had discriminated against her based on her disability (carpal tunnel syndrome) by not accommodating her so that she could return to work during the nine months (September 1994-July 1995) between when she was released to work (with restrictions) and returned to work. The jury found that she was an individual with a disability; that Appellants had kept her from returning to work because of her disability; and that Appellants had not made a good faith effort to reasonably accommodate her. Esquivel was awarded $75,000 for pain and suffering and approximately $14,000 for back pay.

II.

A.

Appellants first claim that the district court erred in failing to grant their motions for judgment as a matter of law or for a new trial because: Esquivel is not "disabled" under the ADA; there is no record of a disability; there is no evidence that Appellants regarded her as being disabled; she was not qualified for the CSR position; and she never requested a reasonable accommodation.

Needless to say, in the light of the relief sought from a jury verdict, Appellants have a high bar to cross. The denial of a motion for judgment as a matter of law will be affirmed unless "there is no legally sufficient evidentiary basis for a reasonable jury to find for" the nonmovant. FED. R. CIV. P. 50(a). Reversing the denial of a motion for a new trial is even more difficult; the denial will be affirmed unless it is clearly shown that there was "an *absolute absence* of evidence to support the jury's verdict". *Hidden Oaks Ltd. v. City of Austin*, 138 F.3d 1036, 1049 (5th Cir. 1998) (emphasis added). Having reviewed the record, we find no reversible error in the denials of judgment as a matter of law or for a new trial.

Appellants next contest the denial of their motion to dismiss for failure to exhaust administrative remedies as to the ICC position. Such rulings are reviewed *de novo*. *Cf*. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir. 1996). Before filing an ADA claim, the plaintiff is required to file a charge with the EEOC. *Id.* at 788-89. Esquivel did so. Based upon our review of the records, we find no find no error in the denial of Appellants' motion.

C.

Finally, Appellants claim error in the exclusion of testimony and other evidence concerning Esquivel's work history and medical condition following her return to work. Because of the broad discretion afforded to district courts in evidentiary rulings, "[w]e will reverse the court's evidentiary rulings only when the court has clearly abused its discretion and a substantial right of a party is affected". *Tamez v. City of San Marcos*, 118 F.3d 1085, 1098 (5th Cir. 1997), *cert. denied*, 115 S. Ct. 1073 (1998); FED. R. EVID. 103. Assuming this issue has been properly briefed, we find no such abuse of discretion.

III.

For the foregoing reasons, the judgment is

*AFFIRMED.*