<head>

<title>USCA1 Opinion</title>

<style type="text/css" media="screen, projection, print">

<!--

@import url(/css/dflt_styles.css);

-->

</style>

</head>

<body>

                United States Court of Appeals
                    For the First Circuit

No. 99-1381

                EVELYN BONILLA AND RAFAEL COLON,

                    Plaintiffs, Appellants,

                               v.

                  MUEBLES J.J. ALVAREZ, INC.,

                      Defendant, Appellee.

          APPEAL FROM THE UNITED STATES DISTRICT COURT

                FOR THE DISTRICT OF PUERTO RICO

         [Hon. Jos Antonio Fust, U.S. District Judge]

                             Before

                   Selya, Boudin and Lipez,
                                
                        Circuit Judges.
                                
                                
                                
                                
    Franklin Rodrguez Mangual and Enrique Alcaraz Micheli on
brief for appellants.
    Johanna Emmanuelli Huertas and Law Offices of Pedro Ortiz
Alvarez on brief for appellee.

October 26, 1999

                                
                                

 SELYA, Circuit Judge.  This appeal presents a question
concerning the procedural path that must be followed to prosecute
a private action for a claimed violation of Title I of the
Americans With Disabilities Act (ADA), 42 U.S.C.  12101-12213
(1990).  Because the district court dismissed the case for lack of
subject matter jurisdiction, Fed. R. Civ. P. 12(b)(2), our review
is plenary.  See BIW Deceived v. Local S6, 132 F.3d 824, 830 (1st
Cir. 1997).  In carrying out that task, we draw the underlying
facts from the plaintiffs' complaint (despite the defendant's
denial of several key aspects of the plaintiffs' account).  See
Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).
 Plaintiff-appellant Evelyn Bonilla worked as a sales
clerk in a furniture store.  She underwent a surgical laminectomy
in May 1997 and spent several weeks recuperating, returning to work
on August 1.  Since her regular routine required her to climb
stairs in a two-story building and to move heavy furniture, she
sought an accommodation from her employer, defendant-appellee
Muebles J.J. Alvarez, Inc. (Alvarez).  She contends that Alvarez
refused her request, ordered her to stay away until she had
recovered fully, and told her that she would be relegated to part-
time work upon her return.
 To make a tedious tale tolerably terse, the appellant
left that day and never returned.  Instead, she sued Alvarez ten
months later, claiming a violation of the ADA.  Alvarez asked the
district court to dismiss the suit on the ground that the appellant
had neither filed a claim with, nor obtained a right-to-sue letter
from, either the Equal Employment Opportunity Commission (EEOC) or
the Department of Labor of the Commonwealth of Puerto Rico.  See 42
U.S.C.  12117 (incorporating by reference, inter alia, 42 U.S.C.
2000e-5(f)(1)).  The appellant replied that the ADA did not
require such antecedent steps.  The district court agreed with
Alvarez and dismissed the case.  We now consider whether
administrative action must be taken as a prerequisite to filing a
federal suit under Title I of the ADA.
 The appellant contends that filing a claim with the EEOC
before bringing an ADA case in federal court is an option, not a
prerequisite.  We have not previously had the opportunity to
address this question.  We do so today.  We hold that the ADA
mandates compliance with the administrative procedures specified in
Title VII of the Civil Rights Act of 1964, 42 U.S.C.  2000e, and
that, absent special circumstances (not present here), such
compliance must occur before a federal court may entertain a suit
that seeks recovery for an alleged violation of Title I of the ADA.  
Accord Dao v. Auchan Hypermarket, 96 F.3d 787, 789 (5th Cir. 1996);
Stewart v. County of Brown, 86 F.3d 107, 111 (7th Cir. 1996);
McSherry v. Trans World Airlines, Inc., 81 F.3d 739, 740 n.3 (8th
Cir. 1996).
 Refined to bare essence, this appeal presents a question
of statutory construction.  As with all such questions, we focus
first on the words that Congress chose to implement its wishes.  
The ADA states in relevant part:
   The powers, remedies, and procedures set forth
 in sections 2000e-4, 2000e-5, 2000e-6, 2000e-
 8, and 2000e-9 of this title shall be the
 powers, remedies, and procedures this
 subchapter provides to the [EEOC], to the
 Attorney General, or to any person alleging
 discrimination on the basis of disability. . .
 .

42 U.S.C.  12117.  This language leaves no room to quibble:  
instead of starting entirely from scratch when drafting the ADA,
Congress borrowed liberally from Title VII.  Among other things, it
engrafted onto the ADA the full panoply of "procedures" described
in section 2000e of Title VII, and decreed that those enumerated
procedures "shall be" applicable to proceedings under Title I of
the ADA.  In an age when Congress sometimes sounds an uncertain
trumpet, this message comes through loud and clear.  The question,
then, reduces to what these transplanted procedures are and how
they affect this case.
 For present purposes, we narrow the lens of inquiry to
section 2000e-5 of Title VII, because it alone is germane to the
issue posed by this appeal.  That section states in pertinent part
that a charge "shall be filed" with the EEOC "within one hundred
and eighty days after the alleged unlawful employment practice
occurred," or within 300 days if "the person aggrieved has
initially instituted proceedings with [an authorized] State or
local agency."  42 U.S.C.  2000e-5(e).  This completes our quest:  
a claimant who seeks to recover for an asserted violation of Title
I of the ADA, like one who seeks to recover for an asserted
violation of Title VII, first must exhaust administrative remedies
by filing a charge with the EEOC, or alternatively, with an
appropriate state or local agency, within the prescribed time
limits.  The appellant has done neither.  This omission, if
unexcused, bars the courthouse door, as courts long have recognized
that Title VII's charge-filing requirement is a prerequisite to the
commencement of suit.  See, e.g., McDonnell Douglas Corp. v. Green,
411 U.S. 792, 798 (1973); Seymore v. Shawver & Sons, Inc., 111 F.3d
794, 799 (10th Cir.), cert. denied, 118 S. Ct. 342 (1997); Cheek v.
Western & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994); see
also, Dao, 96 F.3d at 788-89 (applying Title VII's charge-filing
requirement in the ADA context); Stewart, 86 F.3d at 110-11 (same).
 We say "unexcused" because this charge-filing
requirement, while obligatory, is not jurisdictional.  See Zipes v.
Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  Rather, it
is more akin to a statute of limitations and therefore subject to
the usual gamut of equitable exceptions.  See id.  The appellant
grasps at this straw and, as a fall-back, asks that we relax the
rigors of the charge-filing requirement by applying equitable
tolling here.
 We begin our consideration of this solicitation with
bedrock:  the baseline rule is that time limitations are important
in discrimination cases, and that federal courts therefore should
employ equitable tolling sparingly.  See Rys v. United States
Postal Serv., 886 F.2d 443, 446 (1st Cir. 1989) (explaining that
courts should take a "narrow view" of equitable exceptions to Title
VII limitations periods); Mack v. Great Atl. & Pac. Tea Co., 871
F.2d 179, 185 (1st Cir. 1989) (similar).  Because the relevant
limitation period originates in a federal statute, federal law
supplies the rule of decision in respect to the equitable tolling
issue.  See Chico-Velez v. Roche Prods., Inc., 139 F.3d 56, 58 n.3
(1st Cir. 1998).
 Generally speaking   peculiar circumstances may leave
some wiggle room   equitable tolling is not appropriate unless a
claimant misses a filing deadline because of circumstances
effectively beyond her control (such as when her employer actively
misleads her, and she relies on that misconduct to her detriment).  
See Mack, 871 F.2d at 185; Earnhardt v. Puerto Rico, 691 F.2d 69,
71 (1st Cir. 1982); see also Kelley v. NLRB, 79 F.3d 1238, 1248
(1st Cir. 1996).  Here, however, the appellant has laid claim to
equitable tolling but has advanced no developed argumentation in
support of her claim.  Moreover, her complaint does not allege any
facts that remotely suggest a plausible basis for such relief.  
That ends the matter:  the federal standard reserves equitable
tolling for exceptional cases, and the appellant has done nothing
to bring herself within that tiny sphere.
 We need go no further.  Because the appellant
inexcusably failed to take administrative action that is a
prerequisite to filing a federal suit under Title I of the ADA, the
judgment below must be

Affirmed.

</body>

</html>