Tresa BYRD

v.

**ST. HELENA PARISH POLICE JURY.**

No. Civ.A. 01–632–A.

United States District Court,
M.D. Louisiana.

Oct. 22, 2001.

Charles Leopold Dirks, III, Avant & Falcon, Baton Rouge, LA, for plaintiffs.

Scott G. Vincent, New Orleans, LA, for defendants.

## RULING ON MOTION TO DISMISS

JOHN V. PARKER, District Judge.

This matter is before the court on a motion by the defendant, St. Helena Parish Police Jury, to dismiss (doc. 13). No opposition has been filed. Jurisdiction is based upon a federal question pursuant to 42 U.S.C. § 2000e. There is no need for an oral argument.

### I. Procedural Posture

In January of 2000, the plaintiff, Tresa Byrd, filed a complaint with the Equal Employment Opportunity Commission (hereinafter "EEOC"), charging her employer with a violation of the Civil Rights Act of 1967. According to the plaintiff, the EEOC issued a Right to Sue Letter in May of 2001 entitling her to institute this action. (Complaint, paragraph 5). Thereafter, the plaintiff filed her Complaint with this court on August 3, 2001. The plaintiff alleges the defendant, St. Helena Parish Police Jury, discriminated against her because of her race and sex, in violation of 42 U.S.C. § 2000e–5. Further, the plaintiff avers that this court has supplemental jurisdiction over various state law claims under La.R.S. 23:333 and La.Civ.C. Art. 2315. In response to the Complaint, the defendant filed a Motion to Dismiss, which contends that (1) citation was improperly perfected; (2) the plaintiffs action is barred by the doctrine of absolute immunity; (3) the Complaint fails to state a claim upon which relief can be granted; and (4) this court lacks subject matter jurisdiction.

### II. Law & Discussion

#### 1. Insufficiency of Process

To determine the validity of service of process, this court applies the law of the state under which service was made. See *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir.1993); *Allen v. Ferguson*, 791 F.2d 611, 616 n. 8 (7th Cir.1986). Louisiana rules and law, therefore, provide this court with guiding authority. In this type of civil action, the Louisiana Code of Civil Procedure 1265 instructs that "[s]ervice of citation or other process on any political subdivision, public corporation, or state, parochial or municipal board or commission is made at its office by personal service upon the chief executive officer thereof. . . ."

In this case, the defendant is a political subdivision. See La. Const. Art. VI, § 44; *Niette v. Natchitoches Parish Police Jury*, 348 So.2d 162 (La.App. 3d Cir.1977); *McIntosh v. Madison Parish Police Jury*, 554 So.2d 227 (La.App. 2d Cir.1989); *Nicholes, et al., v. St. Helena Parish Police Jury*, 605 So.2d 1378 (La. 1992); *Nicholes, et al., v. St. Helena Parish Police Jury*, 550 So.2d 658 (La.1989); 60 Louisiana Digest 2d, Words and Phrases, 55 (1999). The plaintiff requested a waiver service in accordance with Fed. R.Civ.Proc. 4 and directed the citation and the Complaint to Donald Ray Willson, President of the St. Helena Parish Police Jury. The defendant contends the citation was improperly served because the citation was not directed to an "authorized or registered agent for service of process on behalf of the St. Helena Parish Police Jury." (Defendant's Motion to Dismiss, paragraph 1). This argument misses the guiding authority of Louisiana Code of Civil Procedure Article 1265, as the presidential position held by Mr. Willson certainly qualifies him as the "chief executive officer" of the St. Helena Parish Police Jury. Hence, the defendant's argument based on insufficiency of process is without merit.

#### 2. Doctrine of Absolute or Legislative Immunity

The purpose of Fed.R.Civ.P. 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is

not a procedure for resolving a contest about the facts or merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 (2d ed.1990). Should the court seek to determine or establish whether the defendant is entitled to absolute or legislative immunity, the court would violate the purpose and function of Fed.R.Civ.P. 12(b)(6). Having established the foregoing, the question of whether the defendant is entitled to absolute or legislative immunity is not properly before the court because that would be a direct attack or defense upon the merits of the plaintiff's case. As such, the court must reserve any resolution concerning the merits of defendant's argument when that argument is properly before the court.

### 3. Complaint Fails to State a Claim

■ The defendant further argues this court should dismiss the plaintiff's action because the Complaint fails to state a claim upon which relief can be granted. In particular, the defendant suggests that the plaintiff was a temporary employee who was selected by an elected official to be a member of that official's personal staff. In sum, the thrust of the defendant's argument is that the plaintiff is not an "employee" as contemplated by 42 U.S.C. § 2000 and, therefore, she has no action pursuant to this statute.

The provisions of Fed.R.Civ.P. 12(b)(6) must be read in conjunction with Fed.R.Civ.P. 8(a), which sets forth the requirements for pleading a claim in this court. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 (2d ed.1990). According to Fed.R.Civ.P. 8(a)(2), the heart of an affirmative federal pleading need consist only of "a short and plain statement of the claim showing that the pleader is entitled to relief." Such pleadings are to be construed liberally in accordance with the mandate of Fed.R.Civ.P. 8(f). *Beacon*

*Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959). Hence, a complaint is not subject to dismissal unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1215 (2d ed.1990). Apropos, the United States Supreme Court has enunciated that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*, 355 U.S. at 45–46, 78 S.Ct. at 102; see also *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir.1996) (quoting *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991)). Additionally, the court "must accept all well-pleaded facts as true," view them "in the light most favorable to the plaintiff," *Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir.1994), and resolve every doubt in her behalf. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357, at 332 (2d ed.1990).

Furthermore, Fed.R.Civ.P. 12(b)(6) must be distinguished from a motion for summary judgment under Fed.R.Civ.P. 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1356 (2d ed.1990). The motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), as discussed above, only tests whether the claim has be adequately stated in the complaint. Id. Thus, on a motion pursuant to Fed.R.Civ.P. 12(b)(6), this court's inquiry essentially is limited to the content of the

complaint; a summary judgment involves the use of pleadings, depositions, answers to interrogatories and affidavits. This distinction between the two provisions is not substantial, however, because Fed.R.Civ.P. 12(b)(6) provides that if "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment...."

In the case at bar, the defendant's argument that the plaintiff's case should be dismissed because she was not an "employee" as contemplated by 42 U.S.C. § 2000 impermissibly moves to attack the merits of the case and, further, is a substantive defense to the merits of the Complaint. The defendant may not use its Motion to Dismiss to raise such a defense to attack the plaintiffs Complaint, which is sufficiently well pleaded to state a claim upon which relief can be granted. See *Skala v. Sataloff*, D.C.Pa.1969, 301 F.Supp. 304; 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §§ 1356,-1366 (2d ed.1990). *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959); *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed2d. 80 (1957); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788 (5th Cir.1996); *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991); and *Capital Parks, Inc. v. Southeastern Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir.1994).

Moreover, should this court be inclined to treat the defendant's Motion to Dismiss as a motion for summary judgment, such treatment would be inappropriate. A summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). In this case, there are no responsive pleadings, depositions, answers to interrogatories, admissions or affidavits reflecting that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Therefore, the court will not consider the defendant's Motion to Dismiss as a motion for summary judgment.

### 4. Subject Matter Jurisdiction

■ Title VII requires a claimant to file a discrimination claim with the EEOC within 180 days of the incident giving rise to the claim. 42 U.S.C. § 2000e–5(f)(1); *Pinkard v. Pullman–Standard*, 678 F.2d 1211 (5th Cir.1982). The EEOC then sets into motion the administrative machinery designed to reconcile the employee-employer dispute. *Id.* If EEOC efforts fail, it issues to the employee a right-to-sue letter. The employee must then file suit within 90 days after the receipt of the letter. *Id.*

In this case, the plaintiff filed an EEOC complaint against the defendant and the EEOC issued the right-to-sue letter on May 11, 2001, a copy of which is attached to her complaint. The plaintiff filed her Complaint on August 3, 2001, which is certainly within the 90 day time period prescribed by 42 U.S.C. § 2000e–5. Therefore, the plaintiff complied with the requirements of 42 U.S.C. § 2000 and this court is not divested of subject matter jurisdiction.

### III. Conclusion

Accordingly, for the reasons assigned, the Motion to Dismiss (doc. 13) filed by the defendant is hereby DENIED.