# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50364
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2017

Lyle W. Cayce
Clerk

JOHN A. TEAMAH,

Plaintiff – Appellant

v.

APPLIED MATERIALS, INCORPORATED,

Defendant – Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CV-1261

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

John Teamah ("Teamah") challenges the district court's dismissal of his action against his former employer under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1981. The

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50364

district court held that Teamah had not exhausted his administrative remedies and that, in any event, his claims were time barred. We affirm.

## I.     FACTS AND PROCEDURAL HISTORY

Applied Materials, Inc. ("Applied") hired Teamah in 1994. Teamah worked for the company in various capacities until his termination in November of 2012. Prior to his termination, Teamah filed a charge with the Equal Employment Opportunity Commission ("EEOC") complaining that Applied unlawfully discriminated against him on the basis of race, age, and disability. He received a notice of right-to-sue on these charges in November of 2012 but did not file suit until November 30, 2016.

His complaint echoed the allegations in the 2012 EEOC charge: namely, that Applied discriminated against him on the basis of race, age, and disability. He also claimed that Applied demoted and terminated him in retaliation for filing multiple EEOC complaints during his employment. Finally, Teamah alleged state-law claims of intentional infliction of emotional distress and fraud, as well as a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[1]

Applied filed a 12(b)(6) motion to dismiss, which the district court granted because it found that all of Teamah's claims were subject to the defenses of either limitations or failure to exhaust.

## II.     STANDARD OF REVIEW

We review this dismissal de novo.[2] Because Teamah proceeds pro se, we hold his complaint "to less stringent standards than formal pleadings drafted by lawyers."[3] However, he still must "plead 'enough facts to state a claim to

---

[1] 18 U.S.C. § 1964 *et seq.*

[2] *Sw. Bell Tel., LP v. City of Hous.*, 529 F.3d 257, 260 (5th Cir. 2008).

[3] *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981).

relief that is plausible on its face.'"[4] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions [do] not suffice."[5]

### III.   DISCUSSION

#### A. Teamah's Title VII and ADA Claims

Under Title VII and the ADA, plaintiffs must comply with strict exhaustion and limitation requirements.[6] Exhaustion occurs when the plaintiff files a timely charge with the EEOC, the EEOC dismisses the charge, and the EEOC informs the plaintiff of his right to sue.[7] The plaintiff must then file suit within ninety days or else his claim is barred.[8]

Here, Teamah received a right-to-sue notice on his Title VII and ADA claims in 2012, but he did not file suit until 2016. Therefore, these claims are time barred.

#### B. Teamah's ADEA Claims

In order to exhaust ADEA claims, plaintiffs must timely file an EEOC charge, but can file suit sixty days later regardless of whether the EEOC has issued a right-to-sue notice.[9] However, if the EEOC dismisses the charge, the plaintiff must file suit within ninety days of receiving a notice of dismissal.[10]

Teamah did not specifically allege in his complaint whether he received a notice of dismissal. He alleged only that he "exhausted all administrative remedies." Even if Teamah properly exhausted his ADEA claims, they are time

---

[4] *Sw. Bell*, 529 F.3d at 260 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[5] *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

[6] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378–79 (5th Cir. 2002); *Julian v. City of Houston, Tex.*, 314 F.3d 721, 725–727 (5th Cir. 2002).

[7] *Id.*

[8] *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–89 (5th Cir. 1996).

[9] *Julian*, 314 F.3d at 725–727.

[10] *Id.*; *see also* 29 U.S.C. § 626(d).

barred because he did not file suit until over four years after termination and his dealings with the EEOC ceased.[11]

## C. Teamah's § 1981 Claims

Teamah also alleged that Applied violated his rights under 42 U.S.C. § 1981. It is unnecessary to reach the merits of this allegation because the limitations period has run.

Because § 1981 lacks an express statute of limitations, courts adopt the most closely analogous state-law limitations period.[12]  Accordingly, "where a section 1981 claim is brought in Texas, the two year statute of limitations for personal injury actions in Texas controls."[13] Here, the limitations period for Teamah's § 1981 claims began running, at the latest, on November 26, 2012. He filed suit on November 30, 2016. The district court properly dismissed these claims on limitations grounds.

## D. Teamah's RICO Claim

Civil RICO claims have a four-year limitations period beginning from the date the plaintiff knew or should have known of the alleged RICO violation.[14] Teamah's RICO claim arises out of an allegedly rigged Applied internal investigation in 2011. Teamah admits he learned of Applied's actions before his termination in November of 2012—over four years before Teamah filed the instant suit. Therefore, this claim is also time barred.

---

[11] 29 U.S.C. § 626(d) (noting a 90-day limitations period after receipt of notice of dismissal); *see also Julian*, 314 F.3d at 725–727.

[12] *Jones v. ALCOA, Inc.*, 339 F.3d 359, 364 (5th Cir. 2003).

[13] *Id.* Even though 1981 claims generally adopt state limitations periods, "if the plaintiff's claim against the defendant was made possible" by the 1991 revisions to the statute, then a four-year statute of limitations applies. *Fonteneaux v. Shell Oil Co.*, 289 F. App'x 695, 698 (5th Cir. 2008) (quoting *Jones v. R.R. Donnelly & Sons Co.*, 541 U.S. 369, 382 (2004)). Even if the four-year period applied, Teamah's 1981 claims would be time barred.

[14] *Rotella v. Wood*, 528 U.S. 549, 553–54 (2000)

### E. Teamah's State Law Claims

Lastly, Teamah makes vague allegations that Applied intentionally inflicted emotional distress and perpetrated fraud upon him at several times during his employment. Teamah failed to present any argument in support of these claims in his brief, and inadequately briefed claims are generally "deemed abandoned."[15] In any event, these claims are time barred because Teamah did not file suit until over four years after the alleged conduct occurred.[16]

### F. Continuing Violation and Equitable Tolling

Teamah attempts to evade the time bar by invoking equitable tolling and the "continuing violation" doctrine.[17] We find that both of these doctrines are unavailable because Teamah does not call our attention to any affirmative "trick or contrivance,"[18] nor does he connect a timely discriminatory act to an ongoing unlawful employment practice.[19]

### IV.    CONCLUSION

For these reasons, we agree with the district court that properly dismissed all claims and therefore AFFIRM its judgment.

---

[15] *Hall v. Cont. Airlines, Inc.*, 252 F. App'x 650, 654 (5th Cir. 2007); *see also Sammons v. Tex. State Bd. of Med. Exam.*, 251 F.3d 157 (5th Cir. 2001).

[16] *See Doe v. Catholic Diocese*, 362 S.W.3d 707, 717 (Tex. App. 2011) (noting that intentional infliction of emotion distress claims are subject to a two-year limitations period); *Williams v. Khalaf*, 802 S.W.2d 651, 658 (Tex. 1990) (noting that fraud claims are subject to a four-year limitations period).

[17] *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002).

[18] *See State of Tex. v. Allan Constr. Co., Inc.*, 851 F.2d 1526, 1529 (5th Cir. 1988) (quoting *Crummer Co. v. Du Pont*, 255 F.2d 425, 432 (5th Cir. 1958)).

[19] *Morgan*, 536 U.S. at 117–18. Additionally, Teamah asserts the "continuing violation" doctrine for the first time on appeal. This court generally does "not consider an issue that a party fails to raise in the district court." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999); *see also Sw. Bell*, 529 F.3d at 263.