# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2023

Lyle W. Cayce
Clerk

No. 22-50767

Sara Luebano,

*Plaintiff—Appellant*,

*versus*

Office Depot, L.L.C.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-233

_____

Before Clement, Graves, and Higginson, *Circuit Judges*.

Per Curiam:[*]

Sara Luebano was an assistant manager at Office Depot's location in Odessa, Texas. She worked for the company during a mass shooting event in August 2019. In June 2020, Luebano needed knee surgery and applied for time off under the Family and Medical Leave Act. Office Depot granted her leave beyond the twelve weeks required by statute. When Luebano failed to return to work by January 2021, the store terminated her employment.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50767

Luebano sued Office Depot for negligence related to the 2019 mass shooting and for violations of the FMLA and the Americans with Disabilities Act. The district court dismissed Luebano's federal claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and declined to take supplemental jurisdiction over her state law claims. We AFFIRM in part and REVERSE in part the district court's order on the motion to dismiss. Consequently, we VACATE the district court's order on the motion to reopen. Finally, we REMAND to the district court for further proceedings consistent with this opinion.

I

A

What follows are the facts as alleged in Luebano's amended complaint. Luebano worked at Office Depot in Odessa, Texas, from June 2016 until January 2021. She started as a copy center associate and worked her way up to an assistant manager. While serving as an assistant manager, on August 31, 2019, an associate informed her that an active shooter was in Odessa. Police activity outside the store was heavy, and her active general manager, Dieter Mullin, ordered Luebano to ask the officers what was happening. Luebano was terrified. But she complied with her supervisor's instructions and went outside to speak with the police. An officer told her to return to the building and that the situation was serious. Luebano informed the customers and associates that the store was on lockdown due to the ongoing active shooter event. She then locked the door and dropped the gate.

Rumors started to fly around the building that the mass shooter had shot people down the street. However, Mullen was anxious to reopen the store, asking Luebano to pay attention to what a nearby Target was doing. A little later, believing Target had reopened and that the situation was over, Mullen ordered Luebano to open the location for business. However, the store's area loss prevention manager, Blake Langley, countermanded these

instructions. After intense confusion, Luebano followed Langley's guidance to conduct an emergency store closing and safely led the remaining people outside the building. The next day, Luebano submitted a letter to Office Depot complaining about how its managers handled the active shooter event. But nothing materialized from her letter.

About a month later, on October 1, 2019, Mullen and Hector Arellano, the new general manager, called Luebano into their office. They presented her with a performance improvement plan, in which Luebano's managers informed her that she was not performing her assistant manager responsibilities appropriately. Luebano disputed the factual basis for the plan, specifically its claim that she had been disciplined in the past for her performance. Mullen and Arellano refused to show her the documents underpinning the performance improvement plan. In response, Luebano declined to sign any disciplinary paperwork. Later, Luebano's management held additional disciplinary discussions regarding her handling of store security, bag checks, laptop inventory, and the store's safe.

Unrelated to these events, on June 10, 2020, Luebano informed Office Depot that she needed to take prolonged medical leave for knee surgery starting June 19. Office Depot's human resources team instructed her to submit a request for FMLA leave, and she complied. Initially, Office Depot approved Luebano for FMLA leave starting June 19 and ending July 30. However, it later extended her leave several times.

But Luebano started to suspect her job might be in jeopardy. Early in October 2020, she saw the Odessa Office Depot advertising for a new assistant manager. Arellano denied any knowledge of a job posting. On October 12, Luebano was cleared to return to work with restrictions. She attempted to get on the work schedule, but Office Depot's HR team extended her leave to December 10, 2020, instead. Oddly, about a month later in

No. 22-50767

November 2020, Office Depot informed Luebano that her leave had caused undue hardship, and it could no longer guarantee her role as an assistant manager at the Odessa store. But Office Depot informed Luebano she would be considered for any positions available at the Odessa location once she fully recovered.

On December 10, 2020, Luebano's leave expired, and Office Depot emailed her the next day. Luebano informed Office Depot that she had another appointment set for December 14, and Office Depot granted a further extension of her leave until December 15. On December 16, Luebano received another email indicating that her leave had been exhausted. However, Luebano did not return to work, and on January 7, 2021, she received an email from Fidelity Investments regarding her 401k and the termination of her employment. Concerned, Luebano contacted Arellano, who claimed to be uncertain whether Office Depot had terminated her. A few days later, on January 12, Arellano texted Luebano that Office Depot had fired her.

B

Luebano filed suit on September 27, 2021, in Ector County against Office Depot for violations of the FMLA and Texas law. Office Depot accepted service of her complaint on November 10, 2021, and timely removed to federal court based on federal question jurisdiction. It simultaneously moved to dismiss pursuant to Rule 12(b)(6). Luebano responded to this motion by requesting leave to amend, and the district court allowed her to file an amended complaint. On April 7, 2022, Luebano submitted her amended complaint, which added an ADA cause of action. Later that month, Office Depot again moved to dismiss. Luebano did not file a response to that motion. The district court granted Office Depot's motion to dismiss.

No. 22-50767

In its order, the district court first found that Luebano had failed to exhaust her ADA claim with the EEOC before filing her lawsuit. It then concluded that Luebano could not plausibly state a violation of the FMLA because she had exhausted her protected leave. Having dispatched her federal claims, the district court refused to take supplemental jurisdiction over Luebano's state law causes of action and dismissed the remainder of the amended complaint.

Luebano responded to the district court's order by moving to reopen the case under Federal Rule of Civil Procedure 60(b)(1). In support of her motion, Luebano argued that her attorney could not access the electronic filing system and submit her response to the motion to dismiss. She went on, asking the district court for relief because her attorney got sick while traveling and could not effectively remedy the filing issue before the court ruled on the motion. The district court did not agree that these barriers met the Rule 60(b)(1) threshold and denied Luebano's motion. Luebano timely appealed the order denying her motion to reopen her case.[1]

## II

"We review the grant of a motion to dismiss under Rule 12(b)(6) de novo, accepting all well-pleaded facts as true and viewing those facts in the

---

[1] In 2021, the Supreme Court approved an amended Federal Rule of Appellate Procedure 3(c)(5). The amended rule states: "In a civil case, a notice of appeal encompasses the final judgment . . . if the notice designates . . . (B) an order described in Rule 4(a)(4)(A)." FED. R. APP. P. 3(C)(5). Federal Rule of Appellate Procedure 4(a)(4)(A)(vi) includes motions pursuant to Federal Rule of Civil Procedure 60. The upshot of these intertwining rules is that Luebano has properly appealed the district court's order dismissing her complaint pursuant to Rule 12(b)(6) by filing an appeal of the order denying her Rule 60(b)(1) motion.

Additionally, because we ultimately reverse the district court's order granting the motion to dismiss, we do not address the order on the motion to reopen the case on the merits. Instead, we vacate that order.

No. 22-50767

light most favorable to the plaintiffs." *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018) (quotation marks and citation omitted). "To survive a motion to dismiss, a complaint must 'plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Nix v. Major League Baseball*, 62 F.4th 920, 928 (5th Cir. 2023) (alteration adopted) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (alteration adopted) (citation omitted).

## III

Luebano's appeal exclusively challenges the district court's order dismissing her complaint. She first argues that the district court erred in rejecting her ADA claim because she generally alleged administrative exhaustion, which Luebano contends is all that is required of her at the pleading stage. Second, Luebano contends that the district court erred in dismissing her FMLA causes of action by collapsing her FMLA leave with other disability leave that she never requested. We address each argument in turn.

## A

The district court concluded that Luebano failed to allege that the EEOC sent her a right-to-sue letter or that the agency had not adjudicated her charge within 180 days. Consequently, it dismissed her ADA claim because Luebano had not demonstrated on the face of her amended complaint that she had exhausted her administrative remedies.

Before an employee can file an ADA case in federal court, she must exhaust her administrative remedies. *See Dao v. Auchan Hypermarket*, 96 F.3d 787, 788–789 (5th Cir. 1996) (per curiam). In the ADA context, proper exhaustion of administrative remedies requires an employee to submit a

timely charge with the EEOC and file her complaint within ninety days after receiving a right-to-sue letter. *Id.* Under the appropriate circumstance, a district court may dismiss a cause of action under Rule 12(b)(6) when the plaintiff fails to show she exhausted her administrative remedies on the face of the complaint. *See Taylor v. U.S. Treasury Dep't*, 127 F.3d 470, 478 n.8 (5th Cir. 1997) (per curiam).

However, failure to exhaust is an affirmative defense that a defendant must raise. *See Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2018), *aff'd*, 139 S. Ct. 1843, 1850-52 (2019). And while affirmative defenses, including non-exhaustion, can be appropriately asserted on a 12(b)(6) motion, dismissal on such a basis is appropriate only if the defense is evident on the face of the complaint. *See EPCO Carbon Dioxide Prods., Inc. v. JP Morgan Chase Bank*, 467 F.3d 466, 470 (5th Cir. 2006). Here, Luebano's purported failure to exhaust does not appear on the face of her complaint. Indeed, she affirmatively claims she has exhausted her administrative remedies. For its part, Office Depot did not attach any documentation supporting the application of exhaustion defenses when it moved for 12(b)(6) dismissal. Nor did it move in the alternative for summary judgment based on such evidence. So, the district court erred when it dismissed Luebano's ADA claim for lacking exhaustion pleading in her complaint. [2]

_____

[2] Office Depot also asserts on appeal that Luebano's complaint was untimely because she failed to plead that she filed suit within 90 days of receiving a right-to-sue letter. But this argument was not raised to the district court. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal . . . ."). In any case, this theory suffers from the same problem as before: the ninety-day deadline is "not a jurisdictional prerequisite" and is instead "akin to a statute of limitations." *Espinoza v. Mo. Pac. R.R. Co.*, 754 F.2d 1247, 1249 n.1 (5th Cir. 1985).

No. 22-50767

B

Next, we address Luebano's challenge to the district court's decision to dismiss her FMLA claims. The district court found that Luebano had taken all twelve weeks of her statutorily protected FMLA leave. As a consequence, according to the district court, she could neither plead a prima facie case for FMLA interference nor FMLA retaliation. Luebano argues that she adequately pleaded both causes of action and that the district court erred by improperly conflating her FMLA leave with other, non-statutorily protected leave that Office Depot gave her.

1

"The FMLA requires covered employers to grant covered employees up to twelve weeks of unpaid leave for certain qualifying reasons, such as the . . . occurrence of a serious health condition." *DeVoss v. Sw. Airlines Co.*, 903 F.3d 487, 490 (5th Cir. 2018). To protect this statutory right, the FMLA bars covered employers from interfering with the right of an employee to take such leave. 29 U.S.C. § 2615(a)(1). In this circuit, to establish her interference claim under the FMLA, Luebano must show: (1) she "was an eligible employee;" (2) her "employer was subject to FMLA requirements;" (3) she "was entitled to leave;" (4) she "gave proper notice of [her] intention to take FMLA leave;" and (5) her "employer denied [her] the benefits to which [s]he was entitled under the FMLA." *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017). Luebano alleges the first four elements but fails to allege the fifth.

We have held that a plaintiff who exhausts her FMLA leave cannot allege that her employer interfered with her right to take such leave. *See Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763–768 (5th Cir. 2001), *abrogated on other grounds by Wheat v. Fla. Par. Juvenile Justice Comm'n*, 811 F.3d 702 (5th Cir. 2016) (finding in an FMLA leave interference claim where

No. 22-50767

an employer failed to reinstate a plaintiff: "[i]f an employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires.").[3] The district court correctly concluded that Luebano has not pleaded a claim for FMLA interference. Luebano applied for FMLA-protected leave on June 10, 2020, and Office Depot approved her leave. As alleged, the store allowed her to remain on medical leave until January 2021. Per her complaint, this roughly six-month period of applied-for and received medical leave exceeds the twelve weeks protected under the FMLA. So, given her pleading, Luebano cannot plausibly allege that Office Depot interfered with her FMLA rights.

2

But the district court went too far in dismissing Luebano's FMLA retaliation cause of action by applying the same reasoning it used to dismiss her FMLA interference claim. In employment discrimination cases, the complaint need not "contain specific facts establishing a prima facie case of discrimination under the framework set forth . . . in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002). "The prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement." *Id.* at 510, 122 S.Ct. 992. But Luebano must "plead sufficient facts on all of the ultimate elements" of her claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). In framing a motion to dismiss inquiry, "a district court may find it helpful to reference *McDonnell Douglas*." *Norsworthy v. Hous. Indep. Sch. Dist.*, No. 22-20586, 2023 WL 3965065 at *2 (5th Cir. June 13, 2023).

---

[3] *Hunt* analytically divides the FMLA rights of employees into two. *See* 277 F.3d at 763. First, "[t]he statute prescriptively provides a series of substantive rights[,]" such as the right to take FMLA leave without interference from an employer. *Id.* Second, the statute protects employees from penalties for exercising their statutory rights. *Id.*

No. 22-50767

The district court determined in its order granting the motion to dismiss that Luebano failed to establish her prima facie case. It found that she did not plead the third element, specifically that her FMLA leave caused Office Depot's decision to terminate her when Luebano received all her statutorily protected leave. Because a plaintiff is not required to plead a prima facie case at the motion to dismiss phase, *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1210 (5th Cir. 2021), the district court applied the wrong standard here.

Still, an FMLA retaliation claim does require Luebano to show a causal link between her FMLA leave and the adverse action. *Acker v. Gen. Motors, L.L.C.*, 853 F.3d 784, 790 (5th Cir. 2017). But it is enough to survive a Rule 12(b)(6) motion for Luebano to plead adequate facts that allow us to draw a reasonable causation inference. *Nix*, 62 F.4th at 928. Luebano alleges that she took advantage of FMLA-protected leave and was terminated shortly after doing so. As we have explained in the past, "[t]he FMLA's protection against retaliation is not limited to periods in which an employee is on FMLA leave, but encompasses the employer's conduct both during *and after* the employee's FMLA leave." *Hunt*, 277 F.3d at 768-69 (emphasis added). Accordingly, Luebano effectively pleads causation when her termination took place in close "temporal proximity" to her use of FMLA leave. *Mauder v. Metro. Transit Auth. of Harris Cnty.*, 446 F.3d 574, 583 (5th Cir. 2006). But the timing between Luebano's termination and the end of her statutory leave must be "very close[.]" *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273–74 (2001) (per curiam)..

Here, Luebano pleads temporal proximity that is quite tight. Luebano took her FMLA leave in June 2020, which means the statutorily protected period of that leave expired in September 2020. And while Luebano was not formally terminated until January 2021, Office Depot began advertising a vacancy for her position as early as October 4, 2020.  In November 2020, she

10

No. 22-50767

was essentially warned that she was being terminated. In early January 2021, it became official. Based on this alleged timeline, and in light of the fact-intensive nature of the causation question, Luebano has sufficiently alleged a causal link between her statutorily protected leave and Office Depot's decision to fire her, such that her complaint should survive a 12(b)(6) dismissal. Consequently, the district court erred because Luebano's complaint plausibly establishes the elements of her FMLA retaliation cause of action.

## IV

For the reasons above, the district court correctly dismissed Luebano's FMLA interference claim. But it erred in dismissing Luebano's ADA and FMLA retaliation claims. And because federal claims remain, the district court erred in dismissing Luebano's state law causes of action. Thus, we AFFIRM in part and REVERSE in part the district court's order granting the motion to dismiss. Consequently, we VACATE the district court's order on the motion to reopen. Finally, we REMAND to the district court for further proceedings consistent with this opinion.